**KLEINMAN et, Appellant, v. DEPARTMENT OF LIQUOR CONTROL, etc., Appellee.**

Common Pleas Court, Franklin County.

No. 190004.   Decided August 14, 1954.

Gus W. Byttner, George L. Houck, Dayton, for appellant.
C. William O'Neill, Atty. Genl., Kiehner Johnson, Asst. Atty. Genl., Columbus, for appellee.

## OPINION

By BARTLETT, J.

1. THAT PART OF THE ORDER OF THE BOARD OF LIQUOR CONTROL IS HEREBY AFFIRMED WHEREIN SAID BOARD DISMISSED THE APPEAL FROM THE ORDER OF THE DIRECTOR OF LIQUOR CONTROL REJECTING APPLICATION FOR TRANSFER OF A C-2 PERMIT TO ANOTHER PERSON (APPELLANT), AND ANOTHER LOCATION (FROM THE CITY OF DAYTON TO THE UNINCORPORATED AREA OF MONTGOMERY COUNTY), BASED SOLEY ON REGULATION 64 OF SAID BOARD LIMITING THE NUMBER OF C-2 PERMITS IN THE STATE OF OHIO AND EACH POLITICAL SUBDIVISION THEREOF TO THE NUMBER OF SUCH PERMITS OUTSTANDING THEREIN AS OF JUNE 27, 1952, PLUS THE NUMBER THEREAFTER ISSUED ON APPLICATIONS FILED ON OR BEFORE SAID DATE.

2. THAT PART OF THE ORDER OF SAID BOARD IS HEREBY REMANDED FOR FURTHER HEARING, WHEREIN SAID BOARD DISMISSED THE APPEAL FROM THE ORDER OF SAID DIRECTOR REJECTING THE APPLICATION FOR TRANSFER OF A C-1 PERMIT, TO ANOTHER PERSON AND ANOTHER LOCATION (BEING THE SAME

PERSON AND LOCATION AS PERTAINED TO THE ATTEMPTED TRANS-FER OF THE FOREGOING C-2 PERMIT), BASED ON A FINDING SAID TRANSFER WAS NOT IN CONNECTION WITH A BONA FIDE SALE OF THE BUSINESS AND ASSETS OF SUCH PERMIT HOLDER.

This is an appeal from the order of the Board of Liquor Control, wherein said Board dismissed an appeal from the order of the Director of Liquor Control rejecting application for the transfer of the C-1 and C-2 permits from Thomas A. Kleinman, owner and operator of the Beckel Bar in the City of Dayton, to the appellant Edward L. Kleinman, doing business as Ed's Party Pantry, 5930 Airway Road in the unincorporated area of Montgomery County.

The stipulated facts are in brief: On April 6, 1953, Thomas A. Kleinman had issued to him at his place of business aforesaid permits C-1, C-2, D-1 and D-2.

On September 21, 1953, the aforesaid application for transfer of Permits C-1 and C-2 was filed with the Department.

A bill of sale (Exhibit A) shows on August 31, 1953, Edward L. Kleinman aforesaid, sold certain furniture and equipment to the appellant, Edward L. Kleinman, in conjunction with the application to transfer the aforesaid permits C-1 and C-2. The bill of sale shows the purchase price of such furniture and equipment as $500.00 and "C-1 and C-2 * * * permits" * * * for which appellant agreed to pay $100, "upon the granting transfer application thereof. * * *"

On February 15, 1954, an application was filed for transfer of the aforesaid permits D-1 and D-2 from Thomas A. Kleinman, together with the remaining assets of said business to a third party at the same address as Beckel Bar in Dayton.

On June 27, 1952, there were outstanding in the unincorporated area of Montgomery County 103 C-1 and 115 C-2 permits; on December 16, 1952, Kettering was incorporated in said county, and there were outstanding in that area, 24 C-1 and 27 C-2 permits; on February 11, 1953, there was detached from Kettering an area known as Moraine Township, a part of the unincorporated area of said county and outstanding in this area was one each C-1 and C-2 permit; on May 22, 1953, the City of Dayton annexed an area with one each C-1 and C-2 permit; on March 22, 1953, the date of the rejection order by the Director there were outstanding in the unincorporated area of said county 76 C-1 and 87 C-2 permits; on March 22, 1953, there was one application on file for a C-1 permit and two applications for C-2 permits in the unincorporated area of said county that had priority over the appellant's application; and on September 21, 1953, the date of the application of the transfer in question, there were outstanding in said unincorporated area of said county 78 C-1 and 91 C-2 permits.

Regardless of incorporations and annexation proceedings, the record shows that on June 27, 1952, plus those issued thereafter for applications on file on said date, there were outstanding 115 C-2 permits in the unincorporated area of the county, and on the date of the application, September 21, 1953, there were outstanding in this same area 115 C-2 permits.

Under Regulation 64 of said Board, the Board ruled no C-2 permits

could issue to the unincorporated area of said county and dismissed the appeal from the Director's order as to said C-2 permit; and at the same time ruled Regulation 14 of said Board prohibited the independent transfer of the C-1 permit, and dismissed the appeal from the Director's order as to said C-1 permit. The Director in rejecting the application for the C-1 permit had ruled the transfer of the C-1 permit alone would recognize the existence of a retail store at Thomas A. Kleinman's place of business in Dayton, holding a C-2 permit which would preclude the sale whereby the C-1 permit was transferred from being a bona fide sale.

Regulation 64 must be applied regardless of subsequent changes in political boundaries after the "freeze" date of said Regulation. The number of C-2 permits was 115 on June 27, 1952, for the unincorporated area of the county and on the date of the hearing before the Board the number outstanding in this same area was the same as June 27, 1952.

The limitation as to such C-2 permits under Regulation 64 applies not only to the political subdivision of the state but to the State of Ohio as a whole; consequently, subsequent changes of political boundaries of such subdivisions by incorporation or annexation proceedings, does not affect the number of permits for such territory.

Therefore, permit C-2 could not be transferred to the unincorporated area of said county.

The Court, therefore, finds that the order of the Board dismissing the appeal from the order of the Director rejecting appellant's application for transfer of the C-2 permit, is supported by reliable, probative and substantial evidence and is in accordance with law; and said order is affirmed and that part of the appeal dismissed.

The Board also affirmed the order of the Director rejecting the transfer of permit C-1 alone as this would preclude a bona fide sale whereby the C-1 permit was transferred, since there still would be a recognition of the existence of a retail store holding a C-2 permit at Thomas A. Kleinman's permit premises in Dayton.

The Bill of Sale called for payment of $100.00 on transfer of permits C-1 and C-2 and was not divisible as to the amount to be paid for permit C-1 alone.

The Director based his rejection on the lack of a "bona fide sale." This imports deceit or lack of good faith in the application to transfer said permits C-1 and C-2.

The Court feels there was no evidence of an attempt to deceive or a lack of good faith in the effort to transfer the two permits C-1 and C-2. Consequently, in all fairness a further hearing should be held, to enable the appellant to accept the transfer alone of permit C-1 on condition that Thomas A. Kleinman consents to the cancellation of the outstanding C-2 permit still in his name.

If such consent is given, then the transfer of permit C-1 should be approved; but if such consent is withheld, then the transfer must be rejected. The holder of the two permits cannot have "a bona fide sale of the business and assets of such permit holder," in connection with the transfer of permit C-1, and still have said business and assets to qualify

228

his retaining permit C-2. In other words, this sale cannot be consummated without such consent.

The Court, therefore, remands for further hearing, that part of the appeal rejecting the transfer of permit C-1 as not based on a bona fide sale.

Entry accordingly saving the exceptions of both counsel for the appellant and the appellee.